IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00104-REB-MJW

H.H., by and through his father and next friend,
Benjamin Harbour, and
BENJAMIN HARBOUR, individually,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

# PROTECTIVE ORDER (Docket No. 18-1)

---

Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. If Defendant produces to Plaintiffs a document that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production.

4. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates medical and health information, for example the medical records of Plaintiffs and third parties. CONFIDENTIAL information shall not be disclosed or used for any purpose except the litigation of this case.

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any reproduction of CONFIDENTIAL information (electronic or otherwise) must retain the mark "CONFIDENTIAL."

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties, including the plaintiff's mother and designated representatives for the United States;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within

thirty (30) days after notice by the court reporter of the completion of the transcript.

9. In the event a party desires to use CONFIDENTIAL information as an exhibit to a Court document, the CONFIDENTIAL information shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and retain the mark "CONFIDENTIAL."

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. After notification of such objection, the parties shall confer and attempt to resolve the issue informally before involving the Court. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If the disputed CONFIDENTIAL information is attached to such a motion, is shall be filed in accordance with D.C.COLO.LCivR 7.2 and retain the mark "CONFIDENTIAL." If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. If additional disclosure is needed of CONFIDENTIAL information, counsel for the parties shall attempt to work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL information as an exhibit to the motion. If the disputed CONFIDENTIAL information is attached as an exhibit to such a motion, it shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and retain the mark "CONFIDENTIAL."

12. At the conclusion of this case, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents and all copies. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this __15TH__ day of April 2014.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO